**Leona S. SORRI, Plaintiff–Appellant,**

v.

**BELL ATLANTIC, Defendant–Appellee.**

**Docket No. 02–7278.**

United States Court of Appeals, Second Circuit.

Sept. 17, 2002.

Leona S. Sorri, pro se, Grand Island, NY, for appellant.

Matthew T. Miklave, Epstein, Becker & Green, P.C., New York, NY, for appellee.

Present McLAUGHLIN, CABRANES, Circuit Judges, and LYNCH, District Judge.*

## SUMMARY ORDER

**UPON CONSIDERATION WHERE-OF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Leona S. Sorri, *pro se*, appeals from a judgment of the United States District Court for the Western District of New York (H. Kenneth Schroeder, Jr., *Magistrate Judge* ), dated February 11, 2002, granting the defendant's motion for summary judgment on the plaintiff's claim that she was discharged in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.* Although not expressly mentioned in her notice of appeal, Sorri also takes issue in her appellate briefs with numerous preliminary orders of the District Court including a June 22, 2000 order issued by the Court (William M. Skretny, *Judge* ), dismissing her claims for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* We assume familiarity with the factual background and procedural history set forth in the final decision and order of the District Court. *Sorri v. Bell Atlantic,* No. 99 Civ. 0224S(Sr) (W.D.N.Y. Feb. 11, 2002).

On appeal, Sorri contends that the District Court erred in granting the defendant's motions for dismissal and summary judgment. She also argues that the District Court erred in its January 16, 2001 order denying her motion to amend the complaint to join her union, Communications Workers of America ("CWA"), Local 1122, as a party and that it abused its discretion in various discovery rulings.

We review district court decisions granting a motion to dismiss or a motion for summary judgment *de novo.* *See, e.g.,* *Bano v. Union Carbide Corp.,* 273 F.2d 120, 132 (2d Cir.2001). Having considered all of Sorri's contentions on appeal, we affirm both the District Court's decision granting the defendant's motion to dismiss the Title VII claims and its decision granting summary judgment to the defendant on the ADEA claim, substantially for the reasons set forth by the District Court in its orders of June 22, 2000 and February 11, 2002.

Additionally, we conclude that the District Court did not err in denying Sorri's

---

motion for leave to amend her complaint by adding CWA Local 1122 as a party. We review a denial of leave to amend a complaint for abuse of discretion. *Jin v. Metro. Life Ins. Co.*, 295 F.3d 335, 352 (2d Cir.2002). As the District Court found, the claims Sorri intended to file against CWA would have been time-barred because the motion for leave to amend was not filed until two years after her termination. Where, as here, amendment to a complaint would be futile, District Courts have discretion to deny leave to amend. *See, e.g., Jones v. N.Y. State Div. of Military and Naval Affairs*, 166 F.3d 45, 55 (2d Cir.1999).

We have considered Sorri's remaining arguments and concluded that they are without merit. The judgment of the District Court is **AFFIRMED.**